JONES v. TRUMBO. ·

1. An order of reference to the master to take proof of claims against a. partnership, under a proceeding alleging its insolvency and praying a settlement, and after the appointment of a receiver, would seem to be not appealable; but an appeal from such an order is certainly premature before the final judgment.
2. If the demand for a jury trial upon the matter so referred was refused by the Circuit Judge, the appeal would still be premature. MR. CHIEF JUSTICE SIMPSON *dissenting.*

These were petitions to this court—(1) by appellant, to stay proceedings pending his appeal; and (2) by respondent, to dismiss the appeal.

*Messrs. Mitchell & Smith,* for appellant.

*Messrs. Lord & Hyde* and *Rutledge & Rutledge,* contra.

June 19, 1888. The opinion of the court was delivered by

MR. JUSTICE McIVER. This case comes before us upon a petition of the defendant, praying for a stay of proceedings under an interlocutory order of reference, pending an appeal from such order. The petition, in substance, alleges:

1. That the plaintiff filed his complaint, praying for the dissolution of a partnership heretofore subsisting between plaintiff and defendant under the name of Trumbo, Hinson & Co., for the appointment of a receiver, and the administration of the copartnership assets.

2. That defendant answered, assenting to the prayer of the complaint as to the dissolution of the partnership and the appoint-

ment of a receiver, but insisting "that no claim should be adjudged against the defendant until the same should have been first passed upon by a jury, in that this proceeding was collusive, being brought by the plaintiff, who also is the brother-in-law of J. H. Parker, claiming to be chief creditor of said copartnership, in order to collect certain claims against the firm, to which this defendant has good and sufficient defences."

3. That receivers were duly appointed by consent and ordered to take charge of the assets of the firm.

4. That thereafter plaintiff's attorneys moved for an order of reference and for claims to be proved before the master.

5. That at the hearing of said motion, defendant appeared and contested so much of the order as directed that the claims should be established before the master, insisting that the same should be referred to a jury for trial.

6. That the Circuit Judge ruled that defendant was not entitled to have such claims tried by a jury, and made the order directing the master to take proof of the claims, from which order defendant gave due notice of appeal.

7. That at the reference held pursuant to said order, plaintiff's counsel appeared to prove the claim of said J. H. Parker, and counsel for defendant objected to the master proceeding, upon the ground that his notice of appeal from the order of reference operated as a *supersedeas.*

8. That the master ruled that the appeal operated as a *supersedeas,* and reported the case back to the Circuit Judge for instructions upon that point.

9. That the Circuit Judge thereupon made an order peremptorily requiring the master to proceed, notwithstanding the notice of appeal, and upon the defendant giving notice of appeal from this last mentioned order, the Circuit Judge inserted in his order a provision that no notice of appeal should operate as a *supersedeas.*

Thereupon the defendant perfected his appeal, filed this petition praying a stay of all proceedings below under the orders appealed from, and upon an *ex parte* hearing thereof, the Chief Justice granted a rule requiring the plaintiff to show cause before this court why the prayer of the petition should not be granted,

and in the meantime staying the proceedings below. In due time the plaintiff made return to this rule, in which it is stated :

1. That the action was instituted for the purposes stated in the petition, but that there was also a prayer for injunction restraining the creditors of the partnership from suing at law, and requiring them to come in and establish their claims under this proceeding; that the defendant answered, assenting to the dissolution of the partnership, "but denied his own insolvency, alleging that upon a proper accounting between his partner and himself there would be found due to him, the said defendant, a very large amount of money, and that upon said accounting it would be found that the said firm was not insolvent;" that defendant did consent to the appointment of receivers, but did not admit that plaintiff was entitled to any other relief prayed for in his complaint.

2. Plaintiff denies that there is anything in the cause raising any question as to collusion between any creditor of said firm and himself, and insists that the action is brought solely for the purpose of winding up the affairs of an insolvent copartnership.

3. Plaintiff admits that receivers were duly appointed, and that at the hearing of the motion for a reference to the master to take proof of claims, defendant appeared and opposed so much of the order as provided that claims should be established before the master, and insisted that the same should be referred to a jury for trial, "but he denies that the presiding judge ruled that the defendant was not entitled to a jury upon such claims. On the contrary, * * * the judge, before signing said order of reference, required that the following should be inserted : 'The report under this order to have no effect beyond ascertaining the claims to be paid out of the copartnership assets, and not to authorize any personal judgment against either of the copartners, but to be without prejudice on that point,' thus expressly reserving the question, raised by the defendant, that he was entitled to a trial by jury before any personal judgment should be rendered against him."

4. Plaintiff denies that his counsel appeared at the reference to prove the claim of J. H. Parker, averring that his counsel

appeared to prove the allegations of his complaint, and the counsel for J. H. Parker appeared to prove his claim.

5. Plaintiff denies that the master ruled that the notice of appeal operated as a *supersedeas*, but that officer being in doubt as to what he should do, referred the matter to the Circuit Judge for instructions, who thereupon instructed the master to proceed, notwithstanding the notices of appeal.

At the hearing of the return to the rule, a motion to dismiss the appeal was submitted by the plaintiff, upon the ground that the matter was not appealable. Two questions are therefore presented for our consideration : 1st. Is the order of the Circuit Judge appealable? 2nd. If so, does the appeal operate as a *supersedeas?*

The order appealed from seems to us to be nothing more than an order of reference to take proof of claims against an alleged insolvent copartnership, in the ordinary course of a proper proceeding in the Court of Equity to wind up the affairs of the partnership. It does not involve the merits of any issue embraced in the case, and is merely administrative in its character, for the purpose of informing the court of such facts as are necessary in order to enable it to make a final decree to effect the end sought. Certainly it is necessary that the court should be informed whether there are any outstanding claims against the partnership, and if so, to what amount, before it can be asked to make any disposition of the assets which, at the instance of the parties, have been placed in the hands of its receiver to be administered under its direction; and the mode adopted seems to us not only the usual and ordinary mode resorted to for the purpose of obtaining such information, but so far as we are at present informed, the only mode by which a Court of Equity could acquire such information. We are unable to discover any distinction, so far as the present question is concerned, between this case and that of a proceeding to marshal the assets of a decedent's insolvent estate, and we have never heard it suggested that in such a case an order calling in creditors to prove their claims before the master was an appealable order.

But even if the order in question could be regarded as appealable, the present appeal is premature, as the event may prove it

to be wholly unnecessary. If the decision of the master upon the claims which the appellant contests, should prove satisfactory, then certainly the present appeal would be wholly unnecessary, and to allow the appeal now to be heard might prove to be a work of supererogation. This was the view taken by this court in the case of *Smith* v. *Thomason* (26 S. C., 607), where the master excluded the testimony of defendant as incompetent, and on exceptions to his report the Circuit Judge ruled that defendant was a competent witness as to certain matters, and without passing upon any of the other questions involved, recommitted the report; and upon appeal from such order, this court held the appeal premature, and dismissed the same without prejudice to the right of the appellant to have this ruling reviewed upon appeal from the final decree. See also *Lowndes v. Miller* (25 S. C., 121, 122), where an order recommitting a report to the master for further evidence was held not appealable; and *Agnew* v. *Adams* (24 S. C., 86), where the refusal of a motion for a nonsuit was held not appealable until final judgment has been entered.

It is contended, however, by the appellant that the order appealed from does in effect deny the right of trial by jury, which is a material right, the denial of which involves the merits and is therefore at once appealable. In the first place, it does not appear that any formal motion for a trial by jury was submitted by appellant, or that any order was passed refusing such motion, which, under the case of *Agnew* v. *Adams, supra*, would seem to be necessary to constitute a basis for an appeal under subdivision 1 of section 11 of the Code; and, in the second place, it does not satisfactorily appear that the Circuit Judge made any ruling denying appellant's right to a trial by jury. It is true that in the petition it is alleged that the judge did rule that appellant was not entitled to a trial by jury, but this allegation is distinctly denied in the return, and in the face of such conflict of statement, and in the absence of anything in the record showing that any order was granted refusing the right of trial by jury, we are not at liberty to assume that such a ruling was made.

But waiving this, and assuming that the order appealed from involved the denial of defendant's right to a trial by jury, it seems to us that his proper course was to note an exception to

such ruling, if he really supposes that he is entitled to demand that all or any of the creditors of this partnership shall be required to establish their claims before a jury, before they can be allowed to participate in any decree which may be made for the disposition of the assets of the partnership, and upon appeal from the final decree have such exception considered and determined. It seems to us, therefore, that in any view of the case the order appealed from is not now appealable, and should be dismissed as premature.

Under this view the second question, as to whether this appeal operated as a *supersedeas,* cannot arise and need not be considered.

It is therefore ordered, that the appeal be dismissed, without prejudice to the right of appellant to raise the question of the right of trial by jury, by appeal from the final decree, if he shall be so advised. It is further ordered, that the order for a stay of proceedings below until the final hearing of this motion, heretofore granted, be rescinded.

MR. JUSTICE McGOWAN concurred, with the reservation of rights as stated.

MR. CHIEF JUSTICE SIMPSON, *dissenting.* I think that the order of Judge Pressley substantially denied the right of trial by jury claimed by the appellant, and the appeal being from this order, I think the proceeding below should be stayed until the appellant can be heard upon the claim which he makes. In this, of course, I neither express nor intimate an opinion as to the merits of the appeal, but simply that appellant should be heard on the question which he raises, before further proceedings in the case.

Appeal dismissed.